UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
June 16, 2022
Nathan Ochsner, Clerk

| | |
|---|---|
| Stephanie Foster, | § |
| Plaintiff, | § |
| versus | §  Civil Action H-21-2031 |
| Kilolo Kijakazi, | § |
| Defendant. | § |

# Opinion on Summary Judgment

1. *Introduction.*

The question is whether substantial evidence supports the commissioner's decision that Stephanie Foster is not disabled under the Social Security Act. It does.

2. *Standard of Review.*

Foster brought this action for judicial review of the commissioner's final decision to deny her disability insurance benefits. *See* 42 U.S.C. §§ 205(g), 405(g) (2005).

Judicial review is limited to determining whether substantial evidence in the record supports the commissioner's decision. This is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.*

3. *Statutory Criteria.*

The law has a five-step evaluation process to determine whether a claimant is disabled. First, a claimant is not disabled if she works for substantial gain. Second, a claimant is not disabled unless she has been medically impaired for at least twelve months. Third, a claimant is not disabled unless her

impairment meets one listed in appendix 1 of the regulation. Fourth, if the commissioner has yet to make a determination, she will consider the effects of the claimant's impairments on her capacity to work. If the claimant is able to perform her past work, she is not disabled. Fifth, a claimant is not disabled if she can adjust to other work that is a significant part of the national economy. 20 C.F.R. § 404.1520(a) (2003).

4. *Evidence.*

   A. *Background.*

   Foster is a 55-year-old woman who says that she is disabled by: (a) headaches; (b) swelling at an incision site, and in the hands, feet, and legs; (c) dizziness; (d) vomiting; (e) fatigue; (f) memory issues; (g) forgetfulness; (h) clumsiness; (i) tripping; and (j) double vision.

   Foster has a high-school education, and she has worked as an accounting assistant and account payable clerk. When she applied for social security on November 29, 2019, she said that her disability had begun on October 14, 2019.

   The hearing officer found that Foster's impairments did not meet or equal a listed impairment. She decided that Foster could do sedentary work.

   B. *Application.*

   The hearing officer properly found that Foster was not disabled. The process was correctly followed.

   First, Foster has not been gainfully employed. Second, the hearing officer found that Foster's brain meningioma, unspecified papilledema of left eye, tarsorraphy of left eye, and obesity were severely impairing her. Third, none of Foster's impairments met one listed. Fourth, the officer determined that Foster could do sedentary work with limitations after considering the combined effects of her impairments. Fifth, the officer found that Foster could find work in the national economy as an accounting assistant and account payable clerk.

   Foster argues that the hearing officer erred by failing to include any headache limitations.

Foster says that failing to include any headache impacts resulted in an RFC determination not supported by substantial evidence. She highlights that the hearing office obtained no testimony from the vocational expert about them and that the record demonstrates headache-related limitations from her brain meningioma. The hearing officer's central argument against Foster's claim is that she considered multiple factors when she evaluated Foster's residual functional capacity and symptoms.

The record contains substantial evidence that supports this conclusion. Tyler Lazaro, Chirayu Shah, Monika Jadhav, and Jeffrey Tran's examinations found Foster's condition improved and her pain manageable. Not only does the record evidence include the medical and testimonial evidence relating to Foster's meningioma and headaches, but also it notes aggravating factors for her pain, efficacy of various medications, alternative treatments, and the results of CT and MRI scans.

To determine Foster's RFC, the hearing officer weighed the evidence in the record – including medical documents and testimony – and found Foster to have limitations but still able to perform sedentary work.

The hearing officer's determination is supported by substantial evidence.

5. *Conclusion.*

The commissioner's decision denying Stephanie Foster's claim for disability insurance is supported by substantial evidence and will be affirmed. Stephanie Foster will take nothing from Kilolo Kijakazi.

Signed on June 16, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge